IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM MARTIN, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:24-cv-32-TES-CHW |
| | : | |
| BRIAN CHAMBERS, Warden, | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## REPORT AND RECOMMENDATION

Before the Court is Respondent Chambers's motion to dismiss as untimely this Section 2254 federal habeas action commenced by Petitioner John William Martin. (Doc. 12). For the following reasons, it is **RECOMMENDED** that Respondent's motion be **GRANTED**, that this action be **DISMISSED with prejudice** as untimely.

## BACKGROUND

Petitioner challenges his June 14, 2017 conviction in the Oconee County Superior Court for aggravated assault on a peace officer with a deadly weapon (two counts) and family violence battery, for which Petitioner was sentenced to a total of 20 years, with the first 15 years to be served in confinement. (Doc. 1; Doc. 1-3, p. 1-4). Petitioner appealed, and the Georgia Court of Appeals affirmed the conviction. *Martin v. State*, A19A1063 (Ga. App., Oct. 25, 2019) (Docs. 1-3; 13-2). He did not seek certiorari to the Georgia Supreme Court. *See generally* (Doc. 1, p. 2).

Petitioner filed a *pro se* petition for habeas corpus in the Superior Court of Johnson County on September 8, 2020. (Doc. 13-3). Petitioner, through counsel, amended his petition on January 6, 2021. (Doc. 13-4). Following an evidentiary hearing, the state habeas court

1

denied the petition on April 21, 2022. (Doc. 1-3, p. 7-12). Petitioner requested an application for probable cause to appeal the denial of his state habeas petition, but the Georgia Supreme Court denied the application in a remittitur dated May 5, 2023. (Doc. 13-8).

Petitioner, through counsel, commenced this federal action on April 16, 2024. (Doc. 1). On September 13, 2024, Respondent answered (Doc. 11) and moved to dismiss the petition as untimely. (Doc. 12). Petitioner did not file a response until December 26, 2024. (Doc. 16). The Court ordered Respondent to reply to Petitioner's response and specifically to address Petitioner's equitable tolling arguments. (Doc. 16). Respondent filed his reply on April 11, 2025.

For the reasons explained below, Petitioner's action is untimely and not subject to equitable tolling.

*Untimeliness Under the AEDPA*

Under the Antiterrorism and Effective Death Penalty Act or "AEDPA," a one-year limitation period applies to Section 2254 federal habeas petitions. Normally, as here, that limitation period begins to run as of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). To determine this date, the Court must "look to the actions taken by the state court and the relevant state law" when determining whether the state direct appellate review process has been completed. *Chamblee v. Florida*, 905 F.3d 1192, 1196 (11th Cir. 2018). AEDPA further provides for statutory tolling of the limitation period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment … is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on November 14, 2019, the expiration of the 20-day time limit to seek certiorari to the Georgia Supreme Court following the Georgia Court of Appeals decision. *See Phillips v. Warden*, 908 F.3d 667, 671-673 (11th Cir. 2018) (discussing when a conviction is final in terms of the AEDPA, Ga. Sup. Ct. R. 38, and *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)). From that date, the AEDPA clock began to run. The AEDPA clocked stopped 299 days later when Petitioner filed his state habeas petition on September 9, 2020. On May 3, 2023, when the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal, the AEDPA limitations period resumed running. The one-year limitations period expired 66 days later on July 10, 2023.[1] Therefore, Petitioner's federal habeas petition, filed 281 days later on April 16, 2024, is untimely and subject to dismissal.

*Equitable Tolling*

The AEDPA limitations period can be subject to equitable tolling. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Petitioner has not shown the requisite extraordinary circumstances for equitable tolling to rescue his untimely petition.

Petitioner argues that the combined ineffective assistance of counsel that occurred during his direct appeal and state habeas proceedings demonstrates the extraordinary circumstances to warrant equitable tolling. (Doc. 15, p. 2). Petitioner also argues that he

---

[1] Because the last day of the limitations period fell on Saturday, July 8, 2023, Petitioner would have had until Monday, July 10, 2023, to file his federal habeas petition.

3

promptly took steps to file his federal habeas petition "despite extraordinary impediments." (*Id.*) Generally, ineffective assistance of counsel will not support equitable tolling of an untimely petition. *Holland*, 560 U.S. at 651-652 (explaining that a "'garden variety claim of excusable neglect'…does not warrant equitable tolling); *see also Cadet v. Fla. Dep't of Corr.*, 853 F.3d. 1216, 1227 (11th Cir. 2017) (stating that "attorney negligence, even gross negligence, does not by itself qualified as an 'extraordinary circumstance' for purposes of equitable tolling"). Instead, to support equitable tolling, counsel's performance must be egregious misconduct or constitute abandonment. *Holland*, 560 U.S. at 651 (collecting cases); *Cadet*, 853 F.3d at 1227. There are no such claims here. Aside from the alleged ineffective assistance of counsel for failing to raise certain arguments before the trial, appellate, and habeas courts (Doc. 1), Petitioner has failed to show how any previous counsel's conduct arose to misconduct, abandonment, or otherwise impeded Petitioner's ability to timely file his federal habeas petition, and nothing in the record appears to support such a showing. *See generally* (Doc. 1, 15). Instead, Petitioner simply asserts that he promptly took steps to find counsel and file his federal habeas petition while incorporating the allegations in his petition. These bare allegations are not enough to meet Petitioner's burden to show that equitable tolling is warranted.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 12) be **GRANTED**, that this action be **DISMISSED with prejudice** as untimely. Additionally, pursuant to the requirements of Rule 11 of the <u>Rules Governing Section 2254 Cases</u>, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S.

473, 483-84 (2000). Therefore, it is further **RECOMMENDED** that the Court deny a certificate of appealability in its final order.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. Objections are limited to twenty pages in length. M.D. Ga. Local Rule 7.4. The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 28th day of April, 2025.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge